UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-311-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MANUEL MAURO CHAVEZ,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on its own motion following a hearing on Defendant's motion to suppress. The Court notes that, before the hearing, and in its brief in opposition to Defendant's motion to suppress, the Government argued as follows:

> Here, there can be no Fourth Amendment violation because Defendant failed to establish he had a reasonable expectation of privacy over the portions of the Facebook account at issue or information contained therein. Specifically, he has not provided affidavits or any other facts concerning the privacy settings on his Facebook account and the extent to which such information is available to the public or even select third parties or any other steps he took to keep all or portions of his Facebook account private. In fact, Defendant does not address this threshold issue at all in claiming the Fourth Amendment has been violated. Notably, even a cursory review of Defendant's privacy settings reflects that almost all of Defendant's Facebook account and the information contained therein is available to his "friends" or the public at large. In addition, as identified above, IP addresses and potential user account information are not subject to a reasonable expectation of privacy because they are provided voluntarily for Defendant to have obtained service. Accordingly, Defendant has not meet his burden and otherwise fails to establish he had a reasonable expectation of privacy over the portions of the Facebook Account at issue because he has provided no factual support of his privacy settings or other steps he took demonstrating he had a reasonable expectation of privacy and, in any event, almost all of his Facebook account is available to his friends or the public at large or was provided voluntarily to obtain service.

(Doc. No. 79 at 9). The Court notes, however, that, at the hearing on the suppression motion, Defendant Chavez testified specifically about his privacy settings and specific dates when he changed his privacy settings. The Court will allow the parties, therefore, to submit supplemental briefing addressing whether Defendant's privacy settings on his Facebook account affect the Court's Fourth Amendment analysis. See, e.g., United States v. Westley, No. 3:17-CR-171 (MPS), 2018 WL 3448161, at *6 (D. Conn. July 17, 2018) ("Because of the nature of a Facebook account, which allows users to post information privately, share information with select groups of "friends," or post information publicly, courts have held that whether the Fourth Amendment applies to a user's Facebook content "depends, inter alia, on the user's privacy settings.") (quoting United States v. Meregildo, 883 F. Supp. 2d 523 (S.D.N.Y. 2012)); United States v. Khan, No. 15-cr-00286, 2017 WL 2362572, at *8 (N.D. Ill. May 31, 2017) (holding that defendant could not claim a Fourth Amendment violation where he "did not maintain any privacy restrictions on his Facebook account, and his Facebook profile was viewable by any Facebook user").

The parties shall each have seven (7) days from entry of this Order in which to file supplemental briefing, in light of the testimony at the suppression hearing.

**IT IS SO ORDERED.**

Signed: August 29, 2019

Max O. Cogburn Jr.
United States District Judge