UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-311-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **MANUEL MAURO CHAVEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Defendant Manuel Chavez's Second Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c). (Doc. Nos. 353, 355). Defendant argues that the Government failed to present sufficient evidence as to his identity at trial and that the only evidence presented as to his identity was improperly admitted. The Government has responded in opposition to the motion. For the following reasons, the motion is denied.

### I. BACKGROUND

On September 19, 2018, Defendant was charged by Indictment with one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349 (Count 1); nine counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 2-10); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 11); and nine counts of international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Counts 12-20). (Doc. No. 3).

1

Defendant pled not guilty, and trial began on July 7, 2021. On July 9, 2021, the Court granted the Government's Motion to Dismiss Counts 2, 4, 5, 12, 14, and 15. (Doc. No. 296). On July 14, 2021, the jury found Defendant guilty on fourteen counts, including one count of conspiracy to commit wire and mail fraud, six counts of wire fraud, one count of conspiracy to commit money laundering, and six counts of money laundering. (Doc. No. 301).

Defendant filed the pending motion through counsel on November 9, 2021, arguing that (i) the Government offered insufficient evidence at trial to prove Defendant's identity, and (ii) the Court erred when it admitted telephone call logs through a government witness for the limited purpose of showing Defendant's identity.

In his motion, Defendant argues that no witness at trial identified him as the "Manny Chavez" involved in the criminal telemarketing sweepstakes conspiracy charged in this case. (Doc. No. 355 at 4). Defendant further argues that the Court's admission of evidence regarding Defendant and co-conspirator Stiep's telephone communications, along with testimony from IRS-CI Special Agent Erik Kost, unfairly allowed the jury to infer that Defendant violated the Court's sequestration order and was attempting to "game the system." (Id. at 6). Defendant challenges the Court's remedy for his multiple violations of the sequestration order based on his assertion that the admitted telephone call logs merely establish "contact, not content" and that Defendant and Stiep "could well have been talking about baseball[.]" (Id. at 5). Defendant contends that, even with the telephone call logs, there was only "a scintilla" of evidence presented at trial regarding his identity. (Id. at 3).

**II. STANDARD OF REVIEW**

When bringing a Rule 29 motion, "[a] defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" United States v. Beidler, 110 F.3d

2

1064, 1067 (4th Cir. 1997). In determining whether the evidence was sufficient, courts in the Fourth Circuit consider "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." See, e.g., United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).

The Government is entitled to the benefits of all reasonable inferences that can be drawn from the facts proven. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The jury's verdict must stand if "after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." See United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993). The evidence need not exclude every reasonable hypothesis of innocence, and circumstantial evidence is enough to support a guilty verdict. See United States v. Osbourne, 514 F.3d 377, 387 (4th Cir. 2008). Indeed, the Fourth Circuit has found the uncorroborated testimony of a single witness, even where the witness was an informant or accomplice, to be sufficient to sustain a conviction. See, e.g., United States v. Wilson, 115 F.3d 1185, 1189–90 (4th Cir. 1997); United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984); United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983).

In conducting its review, a court does not assess the credibility of witnesses, weigh the evidence, or resolve any conflicts in the evidence presented; these are inquires properly reserved for the jury. See Burks v. United States, 437 U.S. 1, 16 (1978); United States v. Alerre, 430 F.3d

3

681, 693 (4th Cir. 2005); Arrington, 719 F.2d at 704. Reversal for insufficient evidence is reserved for the case "where the prosecution's failure is clear." See Burks, 437 U.S. at 17.

Here, contrary to Defendant's argument, the trial record contains substantial evidence of Defendant's identity. His initial argument is based almost entirely on the assertion that no witnesses at trial provided an in-court identification of Defendant as the person involved in the criminal telemarketing sweepstakes conspiracy. "Th[at] argument is meritless because a courtroom identification is not required to show sufficient evidence of a defendant's identity if other evidence of identity is sufficient." United States v. Morris, 575 Fed. App'x 174, 176–77 (4th Cir. 2014); see also United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir. 1995) ("'[A] witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime.'") (quoting United States v. Darrell, 629 F.2d 1089, 1091 (5th Cir. 1980)). The Government presented a broad range of evidence proving that Defendant was the same Manny Chavez who participated in the charged criminal conspiracy.

For example, the Government presented a copy of the State of Florida's Department of Motor Vehicles ("DMV") records for Manuel Mauro Chavez. (Gov't Ex. 73). The records list Defendant's home address in Miami, Florida, along with his social security number and driver's license number. (Id.). Notably, the records contain a large, clear, color photograph of Manuel Mauro Chavez, the named defendant in this case, that was published to the jury at trial. (See id.). The DMV records list "Paul Stiep" as an emergency contact. (Id.). Defendant did not object—on the basis that these records referred to and the accompanying photograph pictured someone else, or any other basis—to the admission of his DMV records.

4

The jury also received a copy of an April 2, 2015, United States Postal Service application for a post office box. (Gov't Ex. 91). Testimony from victims and Postal Inspector Mark Heath, along with postal money order receipts, established that victims of the charged conspiracy sent money to Post Office Box 772499, which was issued pursuant to that application. The applicant is listed as "Chavez Manuel," with both the same home address and driver's license number that appear on the admitted Florida DMV records. (Compare Gov't Ex. 91, with Gov't Ex. 73).

In addition, the jury received a copy of a Bank of America checking account statement for December 12, 2014, to January 12, 2015, showing the account owner as "Manuel Mauro Chavez V." (Gov't Ex. 83). The account statement lists the same home address that appears on the admitted Florida DMV records and Postal Service application. (Compare Gov't Ex. 83, with Gov't Exs. 91 & 73). The account statement shows multiple international wire transfers to Eugenio Lamicq Castro, an owner and operator of the fraudulent telemarketing sweepstakes call center in this case, at a bank in San Jose, Costa Rica with the purpose of the transfers falsely noted as "Goods." (Gov't Ex. 83).

The jury also saw a computer screenshot of a Facebook page belonging to "Roger Goodlookin." (Gov't Ex. 86). Postal Inspector Mark Heath testified that, based on photographs and other information contained on the Facebook page, he determined that "Roger Goodlookin" is in fact Roger Roger ("Roger"), Tr. at 319–27, who was an owner and operator of the fraudulent telemarketing sweepstakes call center in this case. The admitted screenshot shows a portion of Roger's Facebook friends list containing a color photograph of "Manny Chavez" that was published to the jury at trial. The jury saw a separate computer screenshot showing a portion of Roger's Facebook friends list containing a color photograph of "Paul Stiep." (Gov't Ex. 87).

The foregoing evidence demonstrates that multiple references to "Manny" in Facebook chats between Roger and Stiep explicitly discussing the sweepstakes scam, see Gov't Exs. 17–21, refer to the same Manny Chavez sitting before the jury at trial and depicted in the Florida DMV and Facebook photographs published to the jury.

Live witness testimony also sufficiently identified Defendant as the person involved in the conspiracy. At trial, Postal Inspector Heath was asked if he recognized from his investigation the individual pictured in Government Exhibit 73 (the Florida DMV records published to the jury). Inspector Heath testified, "Yes, I do . . . That is Manuel Chavez." (Tr. at 308–09). On cross examination, Defendant's counsel asked Postal Inspector Heath if he had ruled out "other Mannys that were friends with Paul [Stiep]" as the actual Manny involved in the sweepstakes scam. Postal Inspector Heath testified, "Yeah, Manuel Chavez here had a P.O. Box that was receiving victim funds[.]" (Tr. at 393–94).

Viewed in the light most favorable to the Government, the record contains overwhelming evidence, and certainly "substantial evidence," from which a reasonable juror could conclude beyond a reasonable doubt that the defendant sitting before the jury at trial was the same Manny Chavez involved in the charged telemarketing sweepstakes scam.

Defendant asserts that the "only" evidence regarding his identity presented at trial came in the form of telephone call logs showing extensive communication between Defendant and Paul Stiep in the weeks leading up to trial. Defendant further contends that the Court erred when it admitted telephone call logs through a government witness for the limited purpose of showing Defendant's identity. Defendant's contentions are without merit. As the Court has already discussed, substantial identity evidence supports Defendant's conviction. The call logs supplemented and merely corroborated that substantial evidence.

6

Moreover, as to any assertions of error as to the admission of the call logs into evidence, Defendant's sequestration order violations were brazen, and the admission of the call logs was a reasonable remedy. Defendant first violated the sequestration order when he had lunch with Paul Stiep at a restaurant one block away from the courthouse, on the first day of trial soon after the order had been entered. (Tr. at 180–81). He violated the order a second time when he had a ten-minute telephone call with Stiep just moments after the first violation was disclosed to the Court and the Court admonished Defendant. (Id. at 182). The Government had already informed the jury during its opening that they would hear testimony from Stiep, highlighting the prejudice to the Government from Defendant's conduct and the Government's resulting realization that it could not rely on Stiep to provide truthful testimony. (Id. at 184). That is the backdrop against which the Court had to consider and prescribe a remedy for the multiple sequestration order violations in this case.

The Court carefully considered Defendant's multiple violations of the sequestration order and the prejudice to the Government caused by those violations and crafted a measured response that posed no risk of unfair prejudice to Defendant. (Tr. at 538–44, 549–50). Indeed, the record of Defendant's attempts to influence witness testimony in the case, up to and including the multiple violations of the sequestration order on the first day of trial, would have supported directly presenting that evidence and a consciousness-of-guilt instruction to the jury. United States v. Rhodes, 736 Fed. App'x 375, 377 (4th Cir. 2018) ("Evidence of a defendant's attempt to tamper with the testimony of a witness is clearly relevant and probative of the defendant's consciousness of guilt, and courts have generally concluded that such evidence is not unfairly prejudicial.").

The Court denied the Government's request to introduce such evidence directly and

7

Case 3:18-cr-00311-MOC-DCK    Document 368    Filed 12/09/21    Page 7 of 9

instruct the jury on consciousness of guilt. (Tr. at 549–50). The remedy the Court selected of admitting the call logs certainly was more favorable to Defendant.

Defendant speculates that allowing testimony that persons in the courtroom were prohibited from contact with potential witnesses, in proximity to admitting the call logs showing his and Stiep's frequent communication, could lead the jury to conclude that he had violated the sequestration order. However, directly presenting the evidence of Defendant's violation and attempted witness tampering would have been appropriate under Federal Rule of Evidence 404(b). Evidence is admissible under Rule 404(b) for various purposes, including to show consciousness of guilt, if it is reliable and its probative value is not substantially outweighed by unfair prejudice (under Rule 403). United States v. Davis, 591 Fed. App'x 187, 190–91 (4th Cir. 2014). "A defendant's plan to intimidate or influence a government witness demonstrates the defendant's consciousness of guilt and shows that the defendant knows 'his case is a weak or unfounded one.'" Id. at 191. Moreover, "[e]vidence of a defendant's consciousness of guilt is highly probative and, although undoubtedly prejudicial, not unfairly so." Id. (internal quotation marks omitted). The Court's remedy in this case, which stopped far short of alerting the jury to Defendant's misconduct, was calculated to pose no risk of unfair prejudice to Defendant. The Court also clearly instructed the jury that the call logs were admitted for a limited purpose and could only be considered as evidence of identity and association. (Tr. at 932). The Court's admission of the evidence was well within its discretion to craft an adequate remedy to Defendant's sequestration order violations and comported with the governing law of evidence.

Even assuming that the call logs were necessary to meet the "substantial evidence" threshold as to Defendant's identity—which they clearly are not—the Court appropriately admitted that evident, and it caused no unfair prejudice to Defendant.

8

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Manuel Chavez's Second Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c), (Doc. Nos. 353, 355), is **DENIED**.

Signed: December 9, 2021

Max O. Cogburn Jr
United States District Judge