UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-311-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| MANUEL MAURO CHAVEZ, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Manuel Chavez's Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33. (Doc. No. 356). The Government has responded in opposition to the motion. (Doc. No. 363). For the following reasons, the motion is denied.

**I. BACKGROUND**

On September 19, 2018, Defendant was charged by Indictment with one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349 (Count 1); nine counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 2–10); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 11); and nine counts of international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Counts 12–20). (Doc. No. 3).

Defendant pled not guilty, and trial began on July 7, 2021. On July 9, 2021, the Court granted the Government's Motion to Dismiss Counts 2, 4, 5, 12, 14, and 15. (Doc. No. 296). On July 14, 2021, the jury found Defendant guilty on fourteen counts, including one count of

conspiracy to commit wire and mail fraud, six counts of wire fraud, one count of conspiracy to commit money laundering, and six counts of money laundering. (Doc. No. 301).

Defendant filed the pending motion through counsel on November 11, 2021. Defendant argues that a new trial is warranted based on: (1) insufficient evidence as to whether Defendant Chavez was the same "Manny Chavez" who conspired to engage in the telemarketing sweepstakes fraud; (2) improper admission of call logs demonstrating that Defendant Chavez and his co-conspirator, Paul Andy Stiep, were in communication leading up to and during the first day of trial; and (3) unfair and undue prejudice resulting from the admission of testifying co-conspirators' guilty pleas. Defendant also contends that these three alleged errors, when combined, are sufficient to merit a new trial. For the following reasons, Defendant's motion is denied.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33 provides that the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Because a motion for a new trial may challenge, among other things, the weight of the evidence, the district court is not required to view the evidence in a light most favorable to the government and therefore may evaluate the credibility of witnesses. United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985). However, "[u]nder the applicable legal principles, a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstances when the evidence 'weighs heavily' against it." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (quoting United States v. Perry, 335

2

Case 3:18-cr-00311-MOC-DCK   Document 369   Filed 12/14/21   Page 2 of 7

F.3d 316, 320 (4th Cir. 2003)). Therefore, a new trial should be granted only when the evidence tilts so heavily against guilt that the jury's verdict amounts to a miscarriage of justice. Arrington, 757 F.2d at 1485; United States v. Shipp, 409 F.2d 33, 36–37 (4th Cir. 1969).

### III. DISCUSSION

**A. Defendant's Contention that There Was Insufficient Evidence as to Defendant's Identity and that the Court Erred when It Allowed into Evidence Call Logs Between Defendant and co-Defendant Stiep**

Defendant first contends that he is entitled to a new trial because no witnesses at trial provided an in-court identification of Defendant as the person involved in the criminal telemarketing sweepstakes conspiracy. He also contends that Court erred when it allowed into evidence call logs between Defendant and co-Defendant Paul Andy Stiep, which showed that Defendant violated the Court's witness sequestration order during trial.

Defendant raised these same arguments in his motion for acquittal, filed pursuant to Federal Rule of Criminal Procedure 29. The Court thoroughly discussed Defendant's contentions in its order denying the motion for acquittal. See (Doc. No. 368). As the Court discussed in its prior Order, contrary to Defendant's argument, the trial record contains substantial evidence of Defendant's identity. That is, the record contains overwhelming evidence from which a reasonable juror could conclude beyond a reasonable doubt that the defendant sitting before the jury at trial was the same Manny Chavez involved in the charged telemarketing sweepstakes scam. Moreover, the Court's admission of the call logs between Chavez and Stiep was a reasonable remedy to Defendant's violation of the sequestration order. Defendant is not entitled to a new trial on these grounds.

3

## B. Defendant's Contention that the Court Erred in Allowing Evidence of Defendant's Co-Conspirators' Guilty Pleas

Next, Defendant contends that the Government's use of three testifying co-conspirator's guilty pleas on direct examination resulted in prejudicial error.[1] For the following reasons, the Court disagrees.

When a co-conspirator pleads guilty and later testifies, evidence of the guilty plea may be introduced to aid the jury in assessing the co-defendant's credibility as a witness. See United States v. Withers, 100 F.3d 1142, 1145–46 (4th Cir. 1996) (noting that in United States v. Blevins, 960 F.2d 1252, 1260 n.3 (4th Cir. 1992), the court "expressed doubt that the mention of a guilty plea by a testifying co-defendant . . . would be error since the defendant would have the opportunity to cross-examine the witness"). Here, the Government's introduction of the guilty pleas on direct examination was simply to anticipate impeachment on cross-examination, which is a proper use of a plea agreement. See, e.g., United States v. Beeks, 55 Fed. App'x 660, 661–62 (4th Cir. 2003) (holding that admission of a co-conspirator's guilty plea in anticipation of impeachment was not prejudicial). Indeed, during cross-examination of Cole Parks, counsel for Defendant Chavez also discussed his plea agreement, including the fact that Parks was "sentenced in this case . . . based on the crimes that [Parks] admitted to committing." (Tr. at 230). The plea agreements were not offered as substantive evidence of Defendant's guilt. The Government simply asked the conspirators whether they pled guilty for their involvement in the conspiracy, what they were required to do under the plea agreement, and whether they received any benefit in exchange.

---

[1] Defendant acknowledges that there was no objection to the admission of these guilty pleas.

Second, Defendant argues that that the Government improperly emphasized the co-conspirators' guilty pleas—in particular, Cole Parks' guilty plea—in its closing arguments to the jury.[2] However, Defendant simply mischaracterizes the Government's representations in its closing argument. The Government referenced Park's guilty plea to highlight his firsthand knowledge of the conspiracy and its participants and to make the point that such firsthand knowledge must come from an individual who himself participated in the fraud (and obviously, therefore, has had credibility issues in the past). The Government never insinuated that because Parks pled guilty the jury should infer that Defendant Chavez was also guilty. Rather, the Government was arguing—properly and in response to the defense's argument that Parks is a liar and a fraudster—that it is "the sinners, not the saints," Tr. at 839, who can provide firsthand knowledge of the criminal scheme. Such reference in the closing argument is also permissible. See, e.g., Beeks, 55 Fed. App'x at 661–62 (holding that reference to co-conspirator's guilty plea in closing argument was not prejudicial).

Moreover, the Court's limiting instruction to the jury regarding cooperator plea agreements ensured that the jury would not misconstrue the Government's arguments, and accordingly prevented any undue and unfair prejudice. At the close of the evidence at trial, the Court instructed the jury as follows:

> Now, you've heard evidence that a witness or witnesses have pled guilty to a crime which arose out of the same events for which each defendant is on trial here. You must not consider that or those guilty pleas as any evidence against either of the defendants' guilt in this matter. You may consider a witness's guilty plea only for the purpose of determining how much, if at all, to rely upon that witness's testimony. A witness's decision to plead guilty is a personal decision. It may not be used by you in any way as evidence against or unfavorable to either defendant. Each single case stands on its own and every person stands on their own.

---

[2] Defendant also acknowledges that there was no objection to the Government's use of Parks' guilty plea in its closing argument.

Tr. at 926–27. The Court's instructions made clear to the jury that any plea agreements could not be considered as evidence Defendant Chavez's guilt. Those instructions left no room for undue and unfair prejudice to the defendants. Thus, Defendant is not entitled to a new trial on this ground.

### C. Defendant's Contention that the Cumulative Error Doctrine Justifies a New Trial

Finally, Defendant contends that this Court should grant a new trial because the combined effect of the alleged errors at trial have affected his substantial rights. (Doc. No. 356 at 7). Pursuant to the cumulative error doctrine, "[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009). Generally, however, if a court "'determine[s] . . . that none of [a defendant's] claims warrant reversal individually,'" it will "'decline to employ the unusual remedy of reversing for cumulative error.'" Id. (quoting United States v. Fields, 483 F.3d 313, 340 (5th Cir. 2007)). To satisfy this requirement, such errors must "'so fatally infect the trial that they violated the trial's fundamental fairness.'" Basham, 561 F.3d at 330 (quoting United States v. Bell, 376 F.3d 452, 471 (5th Cir. 2004)). When none of the individual errors result in any cognizable harm, it necessarily follows that the cumulative error doctrine does not apply. Id. Here, as Defendant's individual grounds for a new trial have no merit, it follows that there was no cumulative error. Therefore, Defendant is not entitled to a new trial.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33, (Doc. No. 356), is **DENIED**.

Signed: December 13, 2021

Max O. Cogburn Jr
United States District Judge