UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-311-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MANUEAL MAURO CHAVEZ, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 579). The Government has filed a response in opposition. (Doc. No. 593). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I.  **Background**

Between approximately 2014 and 2017, Defendant participated in a sweepstakes telemarketing scheme that operated primarily from call centers located in Costa Rica, for the purpose of defrauding U.S. residents by convincing them to pay money in an effort to claim a fictitious sweepstakes prize. See (Doc. No. 366 at 6–7). Specifically, Defendant worked as a bridge for the scheme, meaning he received victim funds in the United States and then forwarded those funds to co-conspirators working in the call center in Costa Rica while keeping a portion of the victims' funds for himself. (Id.).

On September 19, 2018, Defendant was charged by Indictment with 20 counts for his role in the international telemarketing scheme. (Doc. No. 3). On July 14, 2021, a jury found Defendant guilty of the following counts: Count 1, Conspiracy to Commit Wire and Mail Fraud, in violation of 18 U.S.C § 1349; Counts 3, 6–10, Wire Fraud, in violation of 18 U.S.C § 1343;

1

Count 11, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); and Counts 13, 16–20, International Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2. (Doc. No. 301). Leading up to and during the trial, Defendant was in communication with another co-defendant Paul Andy Stiep ("Stiep"), who had pled guilty. As part of his plea agreement, Stiep was supposed to testify against Defendant during the Government's case-in-chief. However, Defendant and Stiep met and spoke during the first day of the trial, in violation of the Court's sequestration order. As a result of Defendant's meeting with Stiep, the Government did not call Stiep as a witness at trial. (Doc. No. 366 ¶¶ 25–33).

This Court's probation office submitted a presentence report and calculated a total offense level 36. (Id. ¶ 72). The probation office assigned Defendant zero criminal-history points, which resulted in a criminal history category of I, and found that the Sentencing Guidelines advised a sentence of between 188 to 235 months in prison. (Id. ¶¶ 81-2, 106).

At sentencing, the Court agreed with the probation office and calculated a total offense level of 36 with a criminal history category of I, which resulted in a Guidelines range of 188 to 235 months. (Doc. No. 452 at 1). However, the Court granted Defendant's motion for a variance, over the Government's objection, and sentenced Defendant to 131 months, which is below the applicable Guidelines range. (Id. at 3). The Court provided the following reasons for its variance: the overstatement of loss as it relates to Defendant's involvement during the conspiracy and to avoid unwarranted sentencing disparities. (Id.). However, the Court also noted that Defendant's conduct during trial regarding witness tampering, in addition to the other Section 3553(a) factors considered, warranted a sentence of 133 months. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

.

2

## II.     Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently

3

been lowered as a result" of a retroactively applicable amendment to the Guidelines." However, a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1).

III.   Analysis

Defendant is not eligible for a reduction in his sentence because he already received a sentence lower than the Guidelines range that would have applied had the amendment been in effect when Defendant was sentenced. As noted above, the probation office calculated an offense level 36 for Defendant. (Doc. No. 366 ¶ 72). Providing Defendant with a 2-level reduction pursuant to Amendment 821 would result in a new offense level of 34. With a criminal history category of I and an offense level of 34, the new Guidelines range would be 151 to 188 months. Defendant was sentenced to 133 months. As such, the Court is not authorized to reduce Defendant's sentence because the Court's original variance provided Defendant with a sentence that is lower than what the applicable Guidelines range would be if Defendant had received a two-point reduction. See USSG 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."); see also United States v. Stewart, 595 F.3d 197, 202 (4th Cir. 2010) (explaining that § 1B1.10 does not authorize a court to reduce a defendant's sentence if the original sentence

4

constituted a downward variance based on the sentencing considerations described in 18 U.S.C. § 3553(a)).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 579) is **DENIED**.

Signed: December 30, 2024

Max O. Cogburn Jr.
United States District Judge